## LEWIS FINFROCK v. JACOB UNGEHEUER.

### No. 315.

1. PRACTICE, DISTRICT COURT—*New Trial—Newly Discovered Evidence.* On the hearing of a motion for a new trial under our statutes on the ground of newly discovered evidence, the questions to be considered are whether the evidence is newly discovered and material, or merely cumulative, and whether diligence has been exercised in its discovery.

2. PRACTICE, COURTS OF APPEALS— *Evidence not Contained in Record.* Where there is no evidence contained in the record, we are unable to determine whether the alleged newly-discovered evidence is cumulative.

Error from Linn district court; J. S. WEST, judge. Opinion filed September 22, 1898.   Affirmed.

*John C. Cannon*, for plaintiff in error.

*John W. Poore*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in the district court of Linn county by the defendant in error to recover a judgment against the plaintiff in error on a promissory note and to foreclose a real estate mortgage given by plaintiff in error to secure the payment of the note. The answer of the defendant in the court below alleged payment to Robert Kincaid as the agent of the plaintiff below. An application for a continuance was overruled, and the case went to trial before a jury. The court sustained a demurrer to the evidence introduced by the defendant below on the ground that no agency had been established. A motion was filed asking for a new trial for the following causes: (1) Accident and surprise which ordinary precaution could not have guarded against; and

(2) newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial. To sustain this motion, the affidavit of James Tyrer was filed, tending to show that he was present when Kincaid turned over to the plaintiff $175 which he had collected from the defendant on the note in controversy. None of the evidence is in the case-made.

The petition in error alleges that the court erred in overruling the motion for a new trial. No other error is complained of. There is no argument on the question of accident or surprise and we are not informed as to the nature of the accident or the cause of the surprise. The only question presented is the question of newly-discovered evidence. On the hearing of a motion for a new trial under our statutes on the ground of newly-discovered evidence, the questions to be considered are whether the evidence is newly-discovered and material, or merely cumulative, and whether diligence has been exercised in its discovery. On the question whether the evidence was newly-discovered and was material, we are inclined to hold in favor of the plaintiff in error. We cannot, however, say that the plaintiff in error made such a showing of reasonable diligence that the court erred in overruling the motion for a new trial, and we do not know of any way of determining whether the evidence is cumulative, for the reason that none of it is contained in the record.

The judgment of the district court is affirmed.